**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Karl Louis Guillen, | ) | No. CIV 03-836-PHX-MHM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, et al., | ) | |
| Respondents. | ) | |

Petitioner Karl Louis Guillen filed a petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. #9). This Court referred the matter to Magistrate Judge Lawrence O. Anderson for Report and Recommendation. Magistrate Judge Anderson filed his Report and Recommendation with this Court on June 4, 2004. (Dkt. #25). In response, Petitioner filed a written objection and supplemental attachment in support of his argument. (Dkt. ##26, 27). Petitioner asserts he 1) mailed the petition for post-conviction relief to Maricopa County Court in October, 1996; and 2) filed a state Petition for Writ of Habeas Corpus on April 22, 1996, which constitutes "post conviction relief," and therefore, tolls the limitation period.

**STANDARD OF REVIEW**

The court must review the legal analysis in the Report and Recommendation de novo. 28 U.S.C § 363(b)(1)(C). The Court must review the factual analysis in the Report and Recommendation de novo for those facts to which Objections are filed. "Failure to object

1 to a magistrate judge's recommendation waives all objections to the judge's finding of fact."
2 Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## DISCUSSION

A jury in the Superior Court of Arizona convicted Petitioner of two counts of aggravated assault and one count of trafficking in stolen property. The Arizona Supreme Court denied Petitioner's petition for review on January 20, 1992. Accordingly, his conviction became final by the conclusion of direct review on or about April 20, 1992. From 1998 to 2001, Petitioner filed various motions seeking post-conviction relief in state court. Petitioner filed the current Amended Writ of Habeas Corpus on July 14, 2003.

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") established a one-year statute of limitations period for prisoners to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). AEDPA provides state prisoners whose convictions became final before the 1996 enactment of AEDPA, a one-year grace period in which to file a habeas corpus petition in federal court. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Therefore, in this case, AEDPA's grace period expired on April 24, 1997. Petitioner filed his habeas petition on May 2, 2003, more than five years after the limitations period expired.

In Petitioner's objections to Magistrate Judge Anderson's Report and Recommendation, he asserts that his first petition for post-conviction relief was filed on October 3, 1996. Dkt.# 26. However, the post conviction relief petition is file-stamped July 10, 1998, and notarized on February 24, 1998. Therefore, the petition was filed after the April 24, 1997 deadline and cannot revive the lapsed grace period. See Johnson v. Galaza, 2001 W.L. 125312, *1 (N.D.Ca. 2001) (unpublished opinion) *quoting* Rashia v. Kuhlman, 991 F. Supp. 254, 259 (S.D.N.Y.1998).

Secondly, Petitioner argues AEDPA's one year grace period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244 (d)(2). Petitioner

- 2 -

1    asserts that his April 22, 1996, state petition for writ of habeas corpus tolls the AEDPA
2    limitations period. (Dkt. #15).

3    However, under Arizona law, a state habeas corpus petition is a "civil remedy,
4    reserved solely for challenges to the trial court's jurisdiction." Rottegen v. Copeland, 33 F.3d
5    36, 38 (9th Cir. 1999). Furthermore, propounding claims in an Arizona habeas petition does
6    not constitute fair presentation to the state's highest court for purposes of the exhaustion
7    requirement. Id. Reading AEDPA's tolling exception in context with the exhaustion
8    requirement of 28 U.S.C. § 2254(c), an Arizona state habeas proceeding does not constitute
9    "post-conviction or other collateral review." Therefore, although petitioner challenged the
10   clemency decision and the validity of his sentence, the state habeas petition does not toll the
11   limitation period because it does not constitute "post-conviction or other collateral review."

12   Finally, the court evaluates if circumstances outside the Petitioner's control made it
13   impossible for him to file a petition on time. Equitable tolling is appropriate when
14   "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition
15   on time." Calderon v. United States, 128 F.3d 1283, 1288 (9th Cir. 1997). "The threshold
16   necessary to trigger equitable tolling [under AEDPA] is very high." Miranda v. Castro, 292
17   F.3d 1063, 1067 (9th Cir. 2002). Petitioner's decision to file a state habeas petition, rather
18   than a petition for post-conviction relief, was not a circumstance that was beyond his control.

19   **Accordingly,**

20   **IT IS HEREBY ORDERED** the Court adopts the Report and Recommendation of
21   Magistrate Judge Anderson. (Dkt. 25).

22   **IT IS FURTHER ORDERED** Petitioner's Writ of Habeas Corpus (Dkt. #9) is
23   DENIED.

24   **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
25   accordingly.

26   DATED this 29th day of September, 2005.

27
28
_____
Mary H. Murguia
United States District Judge